UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,   CASE NO. 05-CV-10153-BC

v.   DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

DORRENCE HALL, an individual,
TIMOTHY J. HALL, an individual,
DERRICK M. DAVIS, an individual,
FRANKLIN L. HALL, an individual,
KARL KENNEDY, an individual,
BETTY L. HALL, an individual, and
The Estate of Neze M. Davis, deceased,
TIMOTHY J. HALL, representative,

    Defendants.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT DORRENCE HALL'S MOTION FOR SUMMARY JUDGMENT
(Dkt. 38)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Dorrence Hall's Motion for Summary Judgment be **GRANTED**.

## II.   REPORT

### A.   Introduction

Pending, pursuant to an Order of Reference from United States District Judge David Lawson, is the above-entitled motion. No response or any form of opposition has been filed by

any other party to the relief requested in the motion. A hearing was held on January 18, 2005, and the motion is now ready for Report and Recommendation.

**B.     Facts**

In March 2003, the Plaintiff insurance company issued Neze Davis a life insurance policy. (Compl., Dkt. 1, Ex. A.) The complaint recites that Ms. Davis had six children, Dorrence Hall, Timothy J. Hall, Derrick M. Davis, Franklin L. Hall, Karl Kennedy, and Betty L. Hall. According to the complaint, Ms. Davis originally named Dorrence Hall as the beneficiary of this life insurance policy. (*Id.* at 17.) On February 7, 2004, and March 26, 2004, Ms. Davis attempted to add her other children as equal beneficiaries of the policy. (*Id.*, Exs. B & D.) These requested changes were, however, not effective because she failed to sign attachments to the beneficiary form. Each time Ms. Davis incorrectly sought to change the beneficiaries to the policy, she was notified by Plaintiff that the changes were not effective. (*Id.*, Exs. C & E.) Neze Davis died on August 14, 2004, at the age of 64 prior to fully executing the necessary beneficiary forms.

Approximately one month after Ms. Davis's death, Dorrence Hall submitted a claim to the insurance company for the proceeds of the policy. (*Id.*, Ex. F.) In March 2005, Ms. Davis's other children each notified the insurance company of their mother's intent to have each of them receive an equal portion of the proceeds of the policy. (*Id.*, Exs. G-J.) On June 8, 2005, American General filed this one-count interpleader complaint naming each of Ms. Davis's children as Defendants and asking this Court to determine the rightful recipient of the policy proceeds.

Dorrence Hall is the only Defendant who filed an answer. (Dkt. 9.) The remaining siblings have each filed waivers of service (Dkts. 3-5, 7, 10-11) but never filed an answer or any other responsive pleading. Subsequently, clerk's entries of default were filed as to all the other siblings. (Dkts. 31-36.)

Defendant Dorrence Hall filed the instant motion on November 16, 2005. Approximately three weeks later, Plaintiff filed a motion to deposit funds with the court and for a complete and total discharge. (Dkt. 41.) On December 19, 2005, Judge Lawson granted in part American General's motion, ordering it to deposit the proceeds of the insurance policy with the clerk of the court, enjoining all persons from prosecuting any other proceedings involving this insurance policy, and requiring that Defendants file any proceedings seeking distribution of the proceeds of this policy on or before January 9, 2006. This order also discharged American General from any further liability upon depositing the policy proceeds with the clerk and dismissed American General as a party. With the exception of the instant motion, no other Defendant has filed any documents within the time limits set forth in Judge Lawson's order.

**C.     Law and Analysis**

**1.     Motion Standards**

A motion for summary judgment will be granted under Rule 56(c) of the Federal Rules of Civil Procedure where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88.

Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**2.    Interpleader**

Rule 22(1) provides:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

FED. R. CIV. P. 22(1).

> Rule 22(1) interpleader allows a party to join all other claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability. This permits the insurance company, the stakeholder who has no claim to the money and is willing to release it to the rightful claimant, "'to put the money . . . in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court.'"

*Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997).

**3.    Discussion**

Plaintiff American General and Defendant Dorrence Hall assert that Dorrence is the sole beneficiary of this insurance policy. (Compl. ¶¶ 16, 21, Ex. A at 17; Def.'s Answer ¶ 14.) No contrary evidence has been submitted by any party. I therefore suggest that this fact stands undisputed. Defendant Hall states in an affidavit that he is entitled to all the proceeds from the policy. (Def.'s Answer ¶ 14; Def.'s Mot., Dkt. 38.) No contrary evidence has been submitted by any party, and Ms. Hall's siblings have failed to answer American General's complaint after waiving service and acknowledging receipt of the complaint. Moreover, they failed to follow the directive contained in Judge Lawson's December 19, 2005, order. I therefore suggest that grant of Defendant Dorrence Hall's motion is appropriate.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                           s/ *Charles E Binder*
                                                                           CHARLES E. BINDER
Dated: January 24, 2006                               United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Michelle Thurber Czapski, Kyle S. Krywko and Rodney J. O'Farrell, and served in the traditional manner on Karl Kennedy, Franklin L. Hall, Derrick M. Davis, Berry L. Hall, Timothy J. Hall and Honorable David M. Lawson.

Dated:  January 24, 2006                            By     s/Mary E. Dobbick
                                                                                 Secretary to Magistrate Judge Binder